UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION
CASE NO. _____

VONTELLA HENSLEY                                                                PLAINTIFF

V.

ALLSTATE PROPERTY AND
CASUALTY INSURANCE COMPANY                              DEFENDANT

**<u>NOTICE OF REMOVAL</u>**

\* \* \* \* \* \* \* \*

The Defendant, Allstate Property & Casualty Insurance Company ("Allstate"), by counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby notifies this Court that it is removing the above-captioned action, currently pending as Civil Action No. 23-CI-00217 in the Clay Circuit Court in Clay County, Kentucky, to the United States District Court for the Southern District of Kentucky, London Division.

In support of this Notice of Removal, Defendant states as follows:

1. On or about October 17, 2023, Plaintiff, Vontella Hensley ("Hensley"), filed a Complaint in the Clay Circuit Court in Clay County, Kentucky styled, *Vontella Hensley v. Allstate Property & Casualty Insurance Company*, Civil Action No. 23-CI-00217 ("the Action"). The Plaintiff's Complaint in the Action seeks underinsured motorists ("UIM") benefits under her Allstate auto policy to compensate her for injuries she allegedly sustained as a result of a motor vehicle accident which took place on March 2, 2023 ("the Accident"). Hensley's Complaint in the Action also includes claims for damages for common law bad faith and/or for alleged violations of the Kentucky Unfair Claims Settlement Practices Act, KRS 304.12-230

("KUSCPA") and the Kentucky Consumer Protection Act, KRS 367.170 *et seq*. ("KCPA"). She also seeks prejudgment interest and attorney fees consistent with KRS 304.12-235.

2. This Notice of Removal was filed on November 8, 2023.

3. This Notice of Removal is timely under 28 U.S.C. § 1446 in that it was filed within thirty (30) days of the filing of the Complaint and service of it and the summons upon Allstate.

4. The above described action is one which may be removed by Defendants pursuant to the provisions of 28 U.S.C. § 1441 on the basis of diversity jurisdiction and amount in controversy, as indicated by the following circumstances:

### **Diversity**

5. The Plaintiff Hensley is and was at all times mentioned herein a citizen of the Commonwealth of Kentucky, residing in Manchester, Clay County, Kentucky. (*See* ¶ 1 of the Plaintiff's Complaint).

6. Allstate was, at the time of the commencement of this action, and is presently, a corporation organized under the laws of the State of Illinois, with its principle place of business in Northbrook, Illinois. The citizenship of a corporation is determined by both its state of incorporation and its principal place of business. Thus, Allstate is and was at the time of the commencement of this action (and continues to be) a citizen of Illinois, and not Kentucky.

7. Indeed, the Plaintiff admits that Allstate is a "Foreign Corporation." (*See* ¶ 3 of the Plaintiff's Complaint).

8. Therefore, there is complete diversity of citizenship between the relevant parties to this lawsuit.

**Amount in Controversy**

9. The amount in controversy in this action, exclusive of interest and costs, more likely than not exceeds $75,000 as required by 28 U.S.C. § 1332(a).

10. Under 28 U.S.C. § 1446(c)(2)(A)(ii), Allstate may assert that the amount in controversy is met in this Notice of Removal if the Plaintiff's Complaint "seeks…a money judgment" and "State practice either" (1) "does not permit demand for a specific sum" or (2) "permits recovery of damages in excess of the amount demanded" in Plaintiff's Complaint.

11. Kentucky Rules of Procedure both bar Plaintiff from demanding a specific sum in damages in a complaint and permit her to recover more damages than originally sought. *See* CR 8.01(2) (providing that "the prayer for damages in any pleading shall not recite any sum as alleged damages") and CR 54.03(2) ("[E]very final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings"). *See Stokes v. Faurecia Emissions Control Sys. NA, LLC*, 2022 U.S. Dist. LEXIS 153008 at **5-6 (W.D. Ky. Aug. 25, 2022).

12. There is a preponderance of evidence that the amount in controversy in this action likely exceeds $75,000, including:

- On or about August 1, 2023, Plaintiff's counsel sent a settlement demand to Allstate, contending that the medical bills Hensley incurred as a result of the Accident totaled $14,193.62 and that her future medical bills totaled $75,000 for a total of $89,193.62.

- That Plaintiff received a payment of $25,000 from the tortfeasor's insurer. (*See* ¶ 17 of the Plaintiff's Complaint).

- That in Plaintiff's Complaint she contends the tortfeasor was underinsured and she seeks underinsured motorist benefits in an unspecified amount. (*See* ¶¶ 13, 16-18 of the Plaintiff's Complaint).

- That the UIM Policy limits are $25,000, and Plaintiff has sought payment of those limits beginning in her August 1, 2023 demand.

- Additionally, the Plaintiff has included numerous extra-contractual damage claims in her Complaint, including for common law bad faith and statutory bad faith under KUSCPA and the KCPA. (*See* ¶¶ 24-31 and 37-39 of the Plaintiff's Complaint), and these extra-contractual damages which are claimed or are likely being claimed or could be claimed in the future should be considered in determining the amount in controversy in this case.

- In her Complaint, Plaintiff specifically seeks compensatory damages for her extra-contractual claims. A Plaintiff may seek compensatory damages for a Plaintiff's anxiety, mental anguish and loss of consortium on account of a bad faith claim under Kentucky law. *See FB Ins. Co. v. Jones*, 864 S.W.2d 926 (Ky. App. 1993).

- Punitive damages are also recoverable for a bad faith claim. *See Wittmer v. Jones*, 864 S.W.2d 885 (Ky. 1993). In support of her bad faith claims, Plaintiff has pled that Allstate "had a duty to conduct a good faith and reasonable investigation of Plaintiff's claim and to pay on the same promptly and in full" and that "Allstate willfully and maliciously breached that duty and acted in bad faith by failing to pay for Plaintiff's claim in a reasonable and timely manner." (*See* ¶¶ 24-25 of the Plaintiff's Complaint). These allegations would potentially support a claim for punitive damages.

- Attorney fees are also potentially recoverable for a violation of the KCPA. *See Aesthetics in Jewelry, Inc. v. Estate of Brown*, 339 S.W.3d 489, 497 (Ky. App. 2011) (ruling that under KRS 367.220(3), a trial court may award attorney fees to a prevailing party in a KCPA case).

- Plaintiff also has made a claim for violation of KRS 304.12-235 and seeks prejudgment interest at the rate of 12% (between when payment was due and the when paid) in addition to attorney fees on account of Allstate's alleged failure to pay her claim within the time specified in that statute without a reasonable foundation. (*See* ¶¶ 33-34 of the Plaintiff's Complaint). Such statutory fees should be considered in assessing whether the amount in controversy requirement is met. *See e.g., Uffman v. Allstate Prop. & Cas. Co.,* 2023 U.S. Dist. LEXIS 65673 at *5 (E.D. Ky., April 14, 2023).

13. According to her demand, Hensley allegedly suffered more Accident-related damages (which she previously alleged were at least $89,193.62), than the $50,000 in insurance recovery available to her (the liability limits already paid of $25,000 and the UIM benefits of $25,000 she seeks). As such, it is more likely than not that she is seeking to recover extra-contractual damages and statutory fees from Allstate in this case in an amount equaling if not exceeding the difference between the damages she claims to have suffered and the auto insurance available to her (at least $39,193.62 if not more).

14. Moreover, Plaintiff's Complaint is devoid of any attempt to limit her recovery of UIM damages, extra-contractual damages and statutory fees to below the $75,000 amount in controversy requirement.

5

15. If Plaintiff does not contest Allstate's allegations herein that the amount in controversy in this case exceeds $75,000, now or in the future, then those allegations must be accepted by the Court. *See Stokes* at *6 (citing *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87 (2014).

16. In determining whether the amount in controversy is satisfied, the court need only be convinced that it is more likely than not that the amount at issue exceeds $75,000. *See Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001) (stating that a removing defendant must only "show by a preponderance of the evidence that the amount in controversy requirement has been met"). "This standard 'does not place upon the defendant the daunting burden of proving, to a legal certainty, that the plaintiff's damages are not less than the amount-in-controversy requirement. Such a burden might well require the defendant to research, state and prove the plaintiff's claim for damages.'" *Id.* (quoting *Gafford v. General Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993) (abrogated on other grounds).

17. Based on the foregoing, a reasonable and fair reading of the facts, evidence and allegations establish that Hensley's claims in this Action exceed the amount in controversy and removal is thus proper.

## Conclusion

18. Given the facts and circumstances set forth above, this constitutes an action which originally could have been brought before this Court pursuant to 28 U.S.C. § 1332 and which may be removed by Defendant pursuant to 28 U.S.C. § 1441(a).

19. The Eastern District of Kentucky is the proper judicial district for removal, as it embraces the location, Clay County, where the Action is currently pending. The London Division is the proper division within the district pursuant to Local Rule 3.1(b)(1) and 3.2(b).

20. Venue is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division corresponding to the place, Clay County, where the Action is pending.

21. This Action is not an action described in 28 U.S.C. § 1445.

22. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon or by Allstate in this Action as of the date of filing of this Notice of Removal is attached hereto. (*See* Exhibit A).

24. This Notice of Removal will be served on all adverse parties in accordance with 28 U.S.C. § 1446.

25. A true and correct copy of this Notice of Removal will be filed with the clerk of the Clay Circuit Court in accordance with 28 U.S.C. § 1446.

WHEREFORE, this Action is properly removed from the Circuit Court of Fayette County, Kentucky, to this Court for all further proceedings.

Respectfully submitted,

*/s/ Mindy G. Barfield*
Mindy G. Barfield, Esq.
Shaye Page Johnson, Esq.
DINSMORE & SHOHL LLP
100 W. Main Street, Suite 900
Lexington, Kentucky 40507
Telephone: (859) 425-1000
mindy.barfield@dinsmore.com
shaye.johnson@dinsmore.com
*Counsel for Defendant,*
*Allstate Property and Casualty Insurance Company (on Counts III-VII of the Complaint)*

        Marcia Ridings
        Hamm, Milby & Ridings PLLC
        120 N. Main St.
        London, KY 40741
        Telephone: (606) 864-4126
        marcia@hmrkylaw.com
        *Counsel for Defendant,*
        *Allstate Property and Casualty Insurance Company (on Counts I-II of the Complaint)*

## **CERTIFICATE OF SERVICE**

       I hereby certify that on November 8, 2023, a true and correct copy of the foregoing was filed electronically with the Court and served through the Court's electronic service system and through First Class Mail, postage prepaid, on:

Yancey L. White, Esq.
MORGAN & WHITE LAW OFFICES
2281 South Highway 421
Manchester, KY  40962
greg@hfkylawyers.com
josh@hfkylawyers.com
cayla@hfkylawyers.com
*Counsel for Plaintiff*

        */s/ Mindy G. Barfield*
        *Counsel for Defendant*
        *Allstate Property and Casualty Insurance Company*

40339283