# Exhibit 1

Filed          23-CI-00217    10/17/2023          Leslie Phillips, Clay Circuit Clerk

DOCUMENT

PM

NOT ORIGINAL

11/06/2023 04:46:21

88910

COMMONWEALTH OF KENTUCKY
CLAY CIRCUIT COURT
CIVIL ACTION NUMBER 23-CI-_____

*ELECTRONICALLY FILED*

VONTELLA HENSLEY                                          PLAINTIFF,


VS.


ALLSTATE PROPERTY AND
CASUALTY INSURANCE COMPANY                               DEFENDANT.

SERVE:      REGISTERED AGENT
            CT Corporation System
            306 West Main Street, Suite 512
            Frankfort, Kentucky 40601
            *SERVE VIA CERTIFIED MAIL*


## COMPLAINT

Comes the Plaintiff, Vontella Hensley, by and through Counsel, and for her Complaint

states as follows:

## GENERAL FACTS

1.      That the Plaintiff, Vontella Hensley, is now and was at all times relevant hereto an

adult resident of Manchester, Clay County, Kentucky, 40962.

2.      That the Plaintiff, Vontella Hensley, at the time of the wreck in question, was

operating a vehicle owned by her parents, Daniel and Jackie Asher, who were

insured by Allstate Property and Casualty Insurance, by a policy which contained

Underinsured Coverage.

3.      That the Defendant, Allstate Property and Casualty Insurance Company

(*hereinafter referred to as "Allstate"*), is a Foreign Corporation duly licensed to do

Presiding Judge: HON. OSCAR GAYLE HOUSE (641293)

COM : 000001 of 000006

Filed          23-CI-00217   10/17/2023          Leslie Phillips, Clay Circuit Clerk

DOCUMENT

PM

NOT ORIGINAL

11/06/2023 04:46:21

88910

business in the state of Kentucky, with an agent of process being CT Corporation System, 306 West Main Street, Suite 512, Frankfort, KY 40601.

6.    That on March 2, 2023, Plaintiff was operating the vehicle belonging to Daniel and Jackie Asher, traveling South on Main Street in Manchester, Kentucky, when another vehicle was traveling on Banker's Alley, attempted to make a right-hand turn onto Main Street in the South bound lane, pulling directly into Plaintiff's lane of travel.

7.    That the Plaintiff were severely injured and permanently damaged by the negligence of Geraldine Whalen, who negligently operated an automobile on March 2, 2023, in Manchester, Clay County, Kentucky, in such a manner as to pull her vehicle directly into the lane of travel of the Plaintiff's vehicle, causing a side-swipe collision. The negligent actions of Geraldine Whalen were the proximate cause of all of the Plaintiff's injuries and damages.

8.    That the tortfeasor, Geraldine Whalen, was underinsured at the time of the accident in question.

9.    That all damages complained of herein exceed the jurisdictional prerequisites of this Court.

## COUNT I
## POLICY TERMS

10.    That the Plaintiff adopts and incorporates each and every allegation contained in this Complaint as if set out verbatim herein.

11.    That on March 2, 2023, the Defendant, Allstate, had in full force and effect for Daniel and Jackie Asher, a policy of insurance as set forth in policy number 835352056, which included Under-Insured Motorist coverage. This coverage

Presiding Judge: HON. OSCAR GAYLE HOUSE (641293)

COM : 000002 of 000006

Filed

DOCUMENT

PM

NOT ORIGINAL

11/06/2023 04:46:21

88910

provides payment, subject to the terms, conditions and policy limits set forth therein, and becomes due and payable when it is established that the tortfeasor was in fact under-insured.

12. That at the time of the accident complained of herein, the tortfeasor, Geraldine Whalen, was underinsured according to the terms of the aforementioned policy with the Defendant, Allstate.

13. That the Plaintiff, Vontella Hensley, as the daughter of the named insureds, and a permissive driver at the time of the accident of the 2015 Nissan Versa, is entitled to recover for damages she suffered because of the negligence caused by the tortfeasor, for which the tortfeasor was underinsured, pursuant to the terms of the UIM policy referenced above.

14. That all damages complained of herein exceed the jurisdictional prerequisites of this Court.

## COUNT II
## VONTELLA HENSLEY'S CLAIM PURSUANT TO UIM POLICY

15. That the Plaintiff adopts and incorporates each and every allegation contained in this Complaint as if set out verbatim herein.

16. That as a direct and proximate result of the negligence of Geraldine Whalen, the Plaintiff, Vontella Hensley, individually, has sustained severe and permanent damages as follows:

a) Medical, hospital and other physical care and ancillary expenses, both in the past and to be incurred in the future. The present liquidated value of said past medical expenses is in excess of $1,000.00.

b) Physical and mental pain and suffering for the Plaintiff from the date of the

Presiding Judge: HON. OSCAR GAYLE HOUSE (641293)

COM : 000003 of 000006

NOT ORIGINAL

11/06/2023 04:46:21

88910

accident complained of and to be suffered in the future.

    c)      Increased risk of future injury.

    d)      Destruction of the right and entitlement to enjoyment of life for the Plaintiff.

17.    That the recoverable damages suffered by the Plaintiff herein exceed the $25,000.00 per person policy limits of Geraldine Whalen, making the Defendant, Allstate, liable to the Plaintiff for the value of her injuries and damages, above and beyond the $25,000.00 per person policy limits of the at-fault party, pursuant to the terms and conditions of the UIM policy referred to herein, under which she qualified as a named insured for purposes of underinsured motorist coverage.

18.    The damages complained of by the Plaintiff are in excess of the jurisdictional limits of this Court.

**COUNT III**
**BAD FAITH**

23.    That the Plaintiff adopts and incorporates each and every allegation contained in this Complaint as if set out verbatim herein.

24.    That the Defendant, Allstate, owed Plaintiff a duty to conduct a good faith and reasonable investigation of Plaintiff's claim and to pay on the same promptly and in full.

25.    That the Defendant, Allstate, willfully and maliciously breached that duty and acted in bad faith by failing to pay for Plaintiff's claim in a reasonable and timely manner.

26.    That as a direct and proximate result of Allstate's breach of their contractual duty owed to the Plaintiff, the Plaintiff has been damaged.

27.    The damages complained of by the Plaintiff are in excess of the jurisdictional

Presiding Judge: HON. OSCAR GAYLE HOUSE (641293)

COM : 000004 of 000006

Filed          23-CI-00217   10/17/2023          Leslie Phillips, Clay Circuit Clerk

NOT ORIGINAL
DOCUMENT

11/06/2023 04:46:21

PM

88910

limits of this Court.

Presiding Judge: HON. OSCAR GAYLE HOUSE (641293)

## COUNT V
## UNFAIR CLAIMS SETTLEMENT PRACTICES ACT

28.     That the Plaintiff adopts and incorporates each and every allegation contained in

this Complaint as if set out verbatim herein.

29.     That the Defendant, Allstate, has violated the Unfair Claims Settlement Practices

Act, KRS 304.12-230 ("UCSPA") as detailed above. The conduct engaged in by

Defendant violated sections 3, 4, 6, 9, 13 and 14 of the act. Other violations of the

act may be supported by subsequent discovery and the evidence at trial.

30.     That the Plaintiff has suffered a loss as a direct and proximate result of

Defendant's violations of the UCSPA.

31.     The damages complained of by the Plaintiff are in excess of the jurisdictional

limits of this Court.

## COUNT VI
## VIOLATIONS OF KRS 304.12-235

32.     That the Plaintiff adopts and incorporates each and every allegation contained in

this Complaint as if set out verbatim herein.

33.     That the Defendant, Allstate, failed to make a good faith attempt to settle the

claim within 30 days from the date notice was given to the Defendant as required

by KRS 304.12-235.

34.     That as a result of the violation, Plaintiff has been damaged and is entitled to

interest and attorney's fees.

35.     The damages complained of by the Plaintiff are in excess of the jurisdictional

limits of this Court.

COM : 000005 of 000006

Filed                23-CI-00217    10/17/2023           Leslie Phillips, Clay Circuit Clerk

DOCUMENT                                                                          NOT ORIGINAL

                                                                                 11/06/2023 04:46:21
PM

                                                                                 88910

## COUNT VII
## VIOLATION OF KRS 367.170 et seq.
## KENTUCKY CONSUMER PROTECTION ACT

36.   That the Plaintiff adopts and incorporates each and every allegation contained in
      this Complaint as if set out verbatim herein.

37.   That in connection with the aforementioned insurance coverage, Defendant,
      Allstate, engaged in unfair, false, misleading or deceptive acts or practices.

38.   That as the result of the aforementioned acts or practices by Defendant, Allstate,
      Plaintiff has sustained actual damages.

39.   The damages complained of by the Plaintiff are in excess of the jurisdictional
      limits of this Court.

**WHEREFORE**, the Plaintiff, Vontella Hensley, demands Judgment against the

Defendant, as follows:

1.   Judgment against the Defendant in such an amount as will fairly and reasonably
     compensate Plaintiff for her claim pursuant to the terms of the UIM policy and for
     bad faith.

2.   For trial by jury.

3.   For their cost herein expended and a reasonable attorney's fee.

4.   For any and all other relief to which the Plaintiff may appear entitled.


                          BY: /s/ Yancey L. White
                          HON. YANCEY L. WHITE
                          MORGAN & WHITE LAW OFFICES
                          2281 SOUTH HIGHWAY 421
                          MANCHESTER, KENTUCKY   40962
                          (606) 598-8188 TELEPHONE
                          (606) 598-8196 FAX
                          ATTORNEY FOR PLAINTIFF

Presiding Judge: HON. OSCAR GAYLE HOUSE (641293)

COM : 000006 of 000006

NOT ORIGINAL

DOCUMENT

11/06/2023 04:50:05

PM

88910

COMMONWEALTH OF KENTUCKY
CLAY CIRCUIT COURT
CIVIL ACTION NUMBER 23-CI-_____
*ELECTRONICALLY FILED*

VONTELLA HENSLEY                                    PLAINTIFF,


VS.


ALLSTATE PROPERTY AND
CASUALTY INSURANCE COMPANY                         DEFENDANT.

SERVE:       REGISTERED AGENT
             CT Corporation System
             306 West Main Street, Suite 512
             Frankfort, Kentucky 40601
             *SERVE VIA CERTIFIED MAIL*


## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY

  Comes the Plaintiff, Vontella Hensley, by and through counsel, and propounds to the Defendant, Allstate Property and Casualty Insurance Company (*hereinafter referred to as, "Allstate"*), the following Interrogatories.

  The Defendant, Allstate, is hereby requested to answer each of the Interrogatories set forth below within forty-five (45) days of service pursuant to the Kentucky Rules of Civil Procedure.  Your answers to these Interrogatories are to be signed and properly verified by you, and the Plaintiffs request that you supplement your responses when and if it comes to your knowledge later that they are incorrect as given here.

  **INTERROGATORY NO. 1:**  The name(s) and address(es) of all person(s) answering these Interrogatories and/or assisting in answering these Interrogatories.

Presiding Judge: HON. OSCAR GAYLE HOUSE (641293)

INT : 000001 of 000007

NOT ORIGINAL DOCUMENT

11/06/2023 04:50:05 PM

88910

Filed

**INTERROGATORY NO. 2**:      The names and addresses of any and all persons, including but not limited to any employees of Allstate, who handled the subject claim, who may have any information intended to prove or disprove any of the facts or allegations involved or related to this matter.


**INTERROGATORY NO. 3**:      For each employee identified in response to the preceding Interrogatory, please describe all training said persons have obtained which is related to the evaluation of claims which are the same or similar to the claims the Plaintiff presented to Allstate relative to the accident in question.  For clarification, "describe" the training includes identifying each person involved in conducting or teaching the training as well as identifying all documents which were used or in any way related to said training.


**INTERROGATORY NO. 4**:      State whether you have any written or recorded statements of any person and/or party who has knowledge, or claims to have knowledge, of the facts involved in this claim, and if so, state the name of said person and their address.


**INTERROGATORY NO. 5**:      Please state whether you have any photographs, videotapes, computer disc and/or video disc in your possession, or which you have access to, which pertain to this litigation, and if so, please produce a copy of same along with your answers to interrogatories.


**INTERROGATORY NO. 6**:      Please describe in detail the entire process by which the Plaintiff's UIM claim was considered, processed and evaluated by Defendant,

Presiding Judge: HON. OSCAR GAYLE HOUSE (641293)

INT : 000002 of 000007

Filed                    23-CI-00217    10/17/2023         Leslie Phillips, Clay Circuit Clerk

NOT ORIGINAL
DOCUMENT
                                                              11/06/2023 04:50:05
PM
                                                              88910

Allstate.  For clarification, "describe" this process includes identifying each person involved in the process as well as identifying all documents which were used or related to said process.

**INTERROGATORY NO. 7**:        Please state the facts that you have relied upon in denying the Plaintiff's claim for the policy limits of their underinsured motorist coverage.

**INTERROGATORY NO. 8**:        State whether you have any written or recorded statements of any party who had knowledge of the facts involved in this claim, and if so, state the name of said person and their address.

**INTERROGATORY NO. 9**:        Please identify all documents, photographs, videotapes, or other tangible items which you intend to rely on as part of your defense to the Plaintiff's claim.

**INTERROGATORY NO. 10**:        Please state the name of any and all experts which the Defendant, Allstate, intends to use at trial and for each such expert please state:

(a)        Full name, business address, and telephone number;

(b)        Educational background and professional qualifications;

(c)        Subject matter or area in which each such person is expected to testify;

(d)        Detailed statement of the substance of the facts and opinion on which each such person is to testify;

(e)        Summary of the grounds for each such opinion;

Presiding Judge: HON. OSCAR GAYLE HOUSE (641293)

INT : 000003 of 000007

Filed                    23-CI-00217   10/17/2023          Leslie Phillips, Clay Circuit Clerk

DOCUMENT

PM

NOT ORIGINAL

11/06/2023 04:50:05

88910

    **(f)**      **List each and every publication that the expert has written or relied upon that is pertinent to the subject matter of the Plaintiff's Complaint; and**

    **(g)**      **In what underinsured litigation, or automobile accident or personal injury action has each expert testified, either at trial or by deposition.**

 

**<u>INTERROGATORY NO. 11</u>:**    **Please state the names of any and all experts whom the Defendant, Allstate, may have retained to review any matters connected with the claim of the Plaintiff, whether or not such experts are expected to testify at trial.**

 

**<u>INTERROGATORY NO. 12</u>:**    **Please provide the factual basis on which Defendant, Allstate, relies for any of the denials contained in your Answer to the Complaint and produce a copy of all documentation which in any way supports your answer.**

 

**<u>INTERROGATORY NO. 13</u>:**    **Within the past ten (10) years has anyone brought any legal action against Defendant, Allstate Property and Casualty Insurance Company, for fraud, misrepresentation, or unreasonable failure to pay UIM benefits? If so, please identify the claim by name, date jurisdiction or county where claimant resided and whether legal action was taken. If legal action was taken, please provide the state, county or other jurisdiction in which the suit was filed, the case number and the style of the action.**

 

**<u>INTERROGATORY NO. 14</u>:**    **Please state whether your company has any written manuals, cassettes, computer discs, video discs and/or videotapes which instruct your employees on how to evaluate and handle underinsured motorist claims.**

Presiding Judge: HON. OSCAR GAYLE HOUSE (641293)

INT : 000004 of 000007

Filed 23-CI-00217 10/17/2023 Leslie Phillips, Clay Circuit Clerk

NOT ORIGINAL
DOCUMENT
11/06/2023 04:50:05
PM
88910

**INTERROGATORY NO. 15:** Please state the total amount of premiums paid to the Defendant for the auto policy in question.

**INTERROGATORY NO. 16:** Please state the name and address of the employee who has control and custody of the claims file pertaining to the Plaintiff. Please produce a copy of same with your answers to these Interrogatories.

**INTERROGATORY NO. 17:** Give a concise statement of the facts relied upon which support your claim that you did not violate your duties of good faith and that you did not act in an unfair, false, misleading or deceptive manner.

**INTERROGATORY NO. 18:** Please identify all persons not named in answer to any other Interrogatory, who are known or that you believe have personal knowledge of the relevant facts pertaining to the instant cause of action, the injuries, and damages, which the Plaintiff claims to have suffered.

**INTERROGATORY NO. 19:** Please identify all person(s) you may call as witnesses at the trial of this action.

**INTERROGATORY NO. 20:** Identify each and every publication, treatise, pamphlet, magazine, or other literature which you will ask to read to the jury or introduce at trial or rely upon in defense of this claim.

Presiding Judge: HON. OSCAR GAYLE HOUSE (641293)

INT : 000005 of 000007

Filed                23-CI-00217    10/17/2023          Leslie Phillips, Clay Circuit Clerk

NOT ORIGINAL
DOCUMENT
11/06/2023 04:50:05
PM
88910

**INTERROGATORY NO. 21**:      Does the Defendant contend that the Plaintiff, Vontella Hensley, by any of her acts or omissions, in any way caused or contributed to the cause of the accident which is the subject matter of this action? If your answer is yes, please state how you contend that the Plaintiff, Vontella Hensley, caused and/or contributed to the accident in question.

**INTERROGATORY NO. 22**:      Please name any eyewitnesses that you are aware of that witnessed all or part of the underlying auto-accident between the Plaintiff and Geraldine Whalen, including the location of each such eyewitness at the time of the wreck.

**INTERROGATORY NO. 23**:      Please state if anyone investigated the underlying accident on your behalf. If yes, then state the name(s), address(es), of who conducted the investigation(s) and state if the investigation(s) was reduced to a writing.

**INTERROGATORY NO. 24**:      If there was an investigation, please state if the investigator(s) obtained any signed statements or recorded statements.

**INTERROGATORY NO. 25**:      Please state if you are willing to supplement your answers to these Interrogatories as additional information becomes available?

/s/ Yancey L. White
**HON. YANCEY L. WHITE**
**MORGAN & WHITE LAW OFFICE**

Presiding Judge: HON. OSCAR GAYLE HOUSE (641293)

INT : 000006 of 000007

NOT ORIGINAL
DOCUMENT

**2281 SOUTH HWY 421**
**MANCHESTER, KY 40962**
**TELEPHONE: 606-598-8188**
**FAX: 606-598-8196**
*COUNSEL FOR PLAINTIFF*

## CERTIFICATE OF SERVICE:

The undersigned hereby certifies that the foregoing has been served by attaching a copy of same to the Complaint and e-filing with the Clay County Circuit Court.

**Allstate Property and Casualty Insurance Company**
**c/o Registered Agent**
**CT Corporation System**
**306 West Main Street, Suite 512**
**Frankfort, Kentucky 40601**

This 17th day of October 2023.

/s/ Yancey L. White
*COUNSEL FOR PLAINTIFF*

Presiding Judge: HON. OSCAR GAYLE HOUSE (641293)

INT : 000007 of 000007



**Commonwealth of Kentucky**
**Leslie Phillips, Clay Circuit Clerk**

NOT ORIGINAL

11/06/2023 04:53:38 PM

| | | |
|---|---|---|
| **Case #:** 23-CI-00217 | **Envelope #:** 6746411 | |
| **Received From:** YANCEY WHITE | **Account Of:** YANCEY WHITE | 88910 |
| **Case Title:** HENSLEY, VONTELLA VS. ALLSTATE PROPER AND CASUALITY INSURA | **Confirmation Number:** 170556051 | |
| **Filed On** 10/17/2023   5:02:36PM | | |

| **#** | **Item Description** | **Amount** |
|---|---|---|
| 1 | Court Facilities Fee | $25.00 |
| 2 | Access To Justice Fee | $20.00 |
| 3 | Money Collected For Others(Court Tech. Fee) | $20.00 |
| 4 | Money Collected For Others(Postage) | $17.31 |
| 5 | Money Collected For Others(Attorney Tax Fee) | $5.00 |
| 6 | Library Fee | $1.00 |
| 7 | Civil Filing Fee | $150.00 |
| 8 | Charges For Services(Copy - Photocopy) | $2.30 |
| 9 | Charges For Services(Jury Demand / 12) | $70.00 |
| | **TOTAL:** | $310.61 |

Filed          23-CI-00217   10/17/2023        Leslie Phillips, Clay Circuit Clerk

DOCUMENT

PM

NOT ORIGINAL

11/06/2023 04:51:01

88910

COMMONWEALTH OF KENTUCKY
CLAY CIRCUIT COURT
CIVIL ACTION NUMBER 23-CI-_____

*ELECTRONICALLY FILED*

VONTELLA HENSLEY                                    PLAINTIFF,

VS.

ALLSTATE PROPERTY AND
CASUALTY INSURANCE COMPANY                         DEFENDANT.

SERVE:        REGISTERED AGENT
              CT Corporation System
              306 West Main Street, Suite 512
              Frankfort, Kentucky 40601
              *SERVE VIA CERTIFIED MAIL*

**<u>REQUEST FOR PRODUCTION OF DOCUMENTS TO
DEFENDANT, ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY</u>**

    **Comes the Plaintiff, by and through Counsel, and requests the Defendant, Allstate
Property and Casualty Insurance Company, (*hereinafter referred to as "Allstate"*), pursuant
to Kentucky Civil Rules and Procedures, to produce the following documents within forty-
five (45) days of receiving said requests.**

    **<u>REQUEST NO. 1</u>:    Please provide copies of any internal policy regarding the
examination and/or evaluation of UIM claims including, but not limited to, any training,
teaching or other materials directed to individual adjusters or any employees of Allstate
Property and Casualty Insurance Company relating to any steps taken in evaluating UIM
claims.**

Presiding Judge: HON. OSCAR GAYLE HOUSE (641293)

RPD : 000001 of 000005

Filed           23-CI-00217     10/17/2023        Leslie Phillips, Clay Circuit Clerk

NOT ORIGINAL
DOCUMENT
11/06/2023 04:51:01
PM
88910

**REQUEST NO. 2:**    Please provide a complete and full copy of any and all documents and all files of Defendant, Allstate Property and Casualty Insurance Company, relating to the Plaintiff, Vontella Hensley.  This request is specifically intended to include copies of any and all statements which were provided by the Plaintiff to Defendant, Allstate Property and Casualty Insurance Company, as well as any and all other documents, memorandums, electronic transmissions including, but not limited to, emails, or any other type of correspondence of any way, shape or form relating to the claim of the Plaintiff.

**REQUEST NO. 3:**    Please provide copies of any internal policy regarding the evaluation of UIM claims submitted to the Defendant, Allstate Property and Casualty Insurance Company, including, but not limited to, any training, teaching or other materials directed to individual insurance agents and/or any employees of Allstate relating to steps taken in properly evaluating UIM claims.

**REQUEST NO. 4:**    Please produce documentation on how UIM claims are evaluated by the Defendant, Allstate, once they are submitted.

**REQUEST NO. 5:**    Please provide a complete certified copy of the entire claims file in regard to Vontella Hensley's accident which occurred on March 2, 2023.

**REQUEST NO. 6:**    Please provide a copy of any and all documentation this Defendant intends to use as exhibits at the trial of this action.

Presiding Judge: HON. OSCAR GAYLE HOUSE (641293)

RPD : 000002 of 000005

Filed          23-CI-00217    10/17/2023      Leslie Phillips, Clay Circuit Clerk

DOCUMENT

PM

NOT ORIGINAL

11/06/2023 04:51:01

88910

**REQUEST NO.7:**    Please provide a copy of all reports drafted by any expert of the Defendant in regard to the underlying accident or the UIM claim.

**REQUEST NO. 8:**    Please produce a complete and certified copy of the agreement and/or policy between the Defendant and the Plaintiff's parents, Daniel and Jackie Asher.

**REQUEST NO. 9:**    Please produce all documents and files identified in your answers to the Plaintiff's Interrogatories.

**REQUEST NO. 10:**  Please provide any and all internal memoranda, articles, guidelines or other documents which are in the Defendants insurer's possession and related to the topic of bad faith.

**REQUEST NO. 11:**  Please provide copies of all memoranda, articles, guidelines, or documents of any kind and of any nature, including cassettes, computer discs, video discs and/or videotapes, which set forth the procedures, guidelines or criteria for the investigation, handling and adjusting claims.

**REQUEST NO. 12:**  Please provide copies of all the Defendant's correspondence to and from the Kentucky Department of Insurance relating to the investigation, handling and adjusting of claims.

**REQUEST NO. 13:**  Any home office file or inter-office communication relating to

Presiding Judge: HON. OSCAR GAYLE HOUSE (641293)

RPD : 000003 of 000005

Filed        23-CI-00217   10/17/2023        Leslie Phillips, Clay Circuit Clerk

DOCUMENT

PM

NOT ORIGINAL

11/06/2023 04:51:01

88910

the Plaintiff's claim.

REQUEST NO. 14:  Any records or compilations, manuals, internal memorandum,
documents or other communication which are maintained by you and relate to claims by
insured for unfair claim settlement practices.

REQUEST NO. 15:  Any and all documents produced, generated or disseminated
by you or the Kentucky Insurance Commissioner which related to any proceedings
initiated by the Insurance Commissioner regarding allegations of Unfair Claims Settlement
Practices Act.

REQUEST NO. 16:  In the event that you learn of or receive documents, at a later
date, responsive to the above Requests, do you agree to supplement the above Requests?

/s/ Yancey L. White
HON. YANCEY L. WHITE
MORGAN & WHITE LAW OFFICE
2281 SOUTH HWY 421
MANCHESTER, KY 40962
TELEPHONE: 606-598-8188
FAX: 606-598-8196
*COUNSEL FOR PLAINTIFF*

<u>CERTIFICATE OF SERVICE:</u>

The undersigned hereby certifies that the foregoing has been served by attaching a
copy of same to the Complaint and e-filing with the Clay County Circuit Court.

Allstate Insurance Company
c/o Registered Agent

Presiding Judge: HON. OSCAR GAYLE HOUSE (641293)

RPD : 000004 of 000005

NOT ORIGINAL
DOCUMENT

11/06/2023 04:51:01
PM

88910

**CT Corporation System**
**306 West Main Street, Suite 512**
**Frankfort, Kentucky 40601**

This the 17ᵗʰ day of October 2023.

/s/ Yancey L. White
*COUNSEL FOR PLAINTIFF*

Presiding Judge: HON. OSCAR GAYLE HOUSE (641293)

RPD : 000005 of 000005

Filed                          23-CI-00217   10/17/2023        Leslie Phillips, Clay Circuit Clerk

NOT ORIGINAL
DOCUMENT

PM

11/06/2023 04:51:52

88910

COMMONWEALTH OF KENTUCKY
CLAY CIRCUIT COURT
CIVIL ACTION NUMBER 23-CI-_____

*ELECTRONICALLY FILED*

VONTELLA HENSLEY                                      PLAINTIFF,

VS.

ALLSTATE PROPERTY AND
CASUALTY INSURANCE COMPANY                           DEFENDANT.

SERVE:        REGISTERED AGENT
              CT Corporation System
              306 West Main Street, Suite 512
              Frankfort, Kentucky 40601
              *SERVE VIA CERTIFIED MAIL*

<u>**REQUEST FOR ADMISSIONS TO DEFENDANT,**</u>
<u>**ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY**</u>

**The Defendant, Allstate Property and Casualty Insurance Company, (*hereinafter referred to as, "Allstate"*), is requested to admit the truth of each of the statements set forth below after reading the following instructions:**

**(A)  This Request is made under Rule 36.01 of the Kentucky Rules of Civil Procedure and each of the matters of which an admission is requested shall be deemed admitted unless your statement to the contrary and in compliance with Kentucky Rule 36.01 is timely made.**

**(B)  If you do not admit each statement, you must specifically deny each one not admitted or set forth in detail the reasons why you cannot truthfully either admit or deny each such matter.**

**(C) Your properly signed and verified answer must be delivered to the undersigned attorney of record for Plaintiffs within forty-five (45) days after service of this Request**

Presiding Judge: HON. OSCAR GAYLE HOUSE (641293)

REQA : 000001 of 000003

Filed          23-CI-00217   10/17/2023          Leslie Phillips, Clay Circuit Clerk

NOT ORIGINAL
DOCUMENT
11/06/2023 04:51:52
PM

upon you.

(D)  Under Rule 36.01, if you fail or refuse to admit the truth of any statement of

fact hereinafter set forth, and the Plaintiffs thereafter proves its truth, you may be required

to pay the reasonable expenses incurred in making such proof, including attorney's fees.

(E)  When good faith requires that you deny only a part of a matter of which

admissions is requested, you must specify in your answer what part exactly you admit and

what part you deny.

<u>REQUEST NO. 1</u>:    Please admit or deny that auto policy (policy number

835352056) did in fact have UIM coverage on the date of the accident which occurred on

March 2, 2023.


<u>REQUEST NO. 2</u>:    Please admit or deny that the Defendant, Allstate, failed to

properly evaluate the under-insured claim submitted on behalf of the Plaintiff, Vontella

Hensley.


<u>REQUEST NO. 3</u>:    Please admit or deny that a Coots letter along with supporting

documentation was provided to the Defendant on or about August 9, 2023, and that the

Defendant declined to make any additional offer by letter dated August 23, 2023.


<u>REQUEST NO. 4</u>:    Please admit or deny that the Defendant violated its own

policies and procedures when it failed to properly evaluate the Plaintiff's underinsured

motorist claim in regard to the accident in question.


<u>REQUEST NO. 5</u>:    Please admit or deny that Vontella Hensley suffered

Presiding Judge: HON. OSCAR GAYLE HOUSE (641293)

REQA : 000002 of 000003

permanent physical injuries as a result of the automobile accident that occurred on March 2, 2023.

**REQUEST NO. 6**: Please admit or deny that Vontella Hensley qualifies as an insured person for purposes of the underinsured coverage provided by policy number 835352056.

## INTERROGATORIES:

In the event that any of your answers to the above Requests for Admission are less than an unequivocal admission, please state with specificity the following:

(a)     Set forth all fact as to why you cannot give an unequivocal yes.

/s/ Yancey L. White

**HON. YANCEY L. WHITE**
**MORGAN & WHITE LAW OFFICE**
**2281 SOUTH HWY 421**
**MANCHESTER, KY 40962**
**TELEPHONE: 606-598-8188**
**FAX: 606-598-8196**
*COUNSEL FOR PLAINTIFF*

## CERTIFICATE OF SERVICE:

The undersigned hereby certifies that the foregoing has been served by attaching a copy of same to the Complaint.

Allstate Insurance Company
c/o Registered Agent
CT Corporation System
306 West Main Street, Suite 512
Frankfort, Kentucky 40601

This 17th day of October 2023.

/s/ Yancey L. White

*COUNSEL FOR PLAINTIFF*



AOC-E-105     Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice    *Courts.ky.gov*

CR 4.02; Cr Official Form 1

**CIVIL SUMMONS**

Case #: **23-CI-00217**
Court:  **CIRCUIT**
County: **CLAY**

DOCUMENT   ORIGINAL
PM   11/06/2023 04:48:40
88910

---

*Plaintiff,* **HENSLEY, VONTELLA VS. ALLSTATE PROPERTY AND CASUALITY INSURA**, *Defendant*

TO:  **CT CORPORATION SYSTEM**
    **306 WEST MAIN STREET, SUITE 512**
    **FRANKFORT, KY 40601**

Memo: Related party is ALLSTATE PROPERTY AND CASUALITY INSURANCE

The Commonwealth of Kentucky to Defendant:
**ALLSTATE PROPERTY AND CASUALITY INSURANCE**

   You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Leslie Phillips*

Clay Circuit Clerk
Date: **10/17/2023**

Presiding Judge: HON. OSCAR GAYLE HOUSE (641293)

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To: _____

☐ Not Served because: _____

   Date: _____, 20 _____     _____

                                              Served By

                                          _____

                                              Title

CI : 000001 of 000001

---

Summons ID: @00000068773
CIRCUIT: 23-CI-00217 Certified Mail
HENSLEY, VONTELLA VS. ALLSTATE PROPERTY AND CASUALITY INSURA



Page 1 of 1



**UNITED STATES**
**POSTAL SERVICE**₀

NOT ORIGINAL
DOCUMENT

11/06/2023 04:55:41
PM

88910

Date Produced: 10/25/2023

The following is the delivery information for Certified Mail™/RRE/RD item number 9236 0901 9403 8334 3461 24. Our records indicate that this item was delivered on 10/24/2023 at 08:20 a.m. in FRANKFORT, KY 40601. The scanned image of the recipient information is provided below.

Signature of Recipient :



Address of Recipient :



Thank you for selecting the Postal Service for your mailing needs. If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

This USPS proof of delivery is linked to the customers mail piece information on file
as shown below:

CT CORPORATION SYSTEM
306 WEST MAIN STREET, SUITE 512
FRANKFORT KY 40601

Customer Reference Number:          C4544268.27177000

AOS : 000001 of 000002

Filed          23-CI-00217   10/25/2023          Leslie Phillips, Clay Circuit Clerk

USPS MAIL PIECE TRACKING NUMBER: 42040601923609019403833434346124

MAILING DATE:        10/18/2023

DELIVERED DATE:    10/24/2023

Custom 1: DriverId-6746411

Custom 2: PartyId-45843074

Custom 3: SummonsNum-@00000068773

Custom 4: CentralMailId-116341

Custom 5: Source County-CLAY

NOT ORIGINAL

DOCUMENT

11/06/2023 04:55:41

PM

88910

MAIL PIECE DELIVERY INFORMATION:

CT CORPORATION SYSTEM
306 WEST MAIN STREET, SUITE 512
FRANKFORT KY 40601

MAIL PIECE TRACKING EVENTS:

| Date/Time | Event | Location |
|---|---|---|
| 10/18/2023 15:25 | PRE-SHIPMENT INFO SENT  USPS AWAITS ITEM | FRANKFORT,KY 40601 |
| 10/18/2023 16:00 | SHIPMENT RECEIVED ACCEPTANCE PENDING | FRANKFORT,KY 40601 |
| 10/18/2023 19:39 | ORIGIN ACCEPTANCE | FRANKFORT,KY 40601 |
| 10/18/2023 20:54 | PROCESSED THROUGH USPS FACILITY | LEXINGTON KY DISTRIBUTION CENTE 40511 |
| 10/19/2023 10:29 | PROCESSED THROUGH USPS FACILITY | LEXINGTON KY DISTRIBUTION CENTE 40511 |
| 10/24/2023 05:25 | ARRIVAL AT UNIT | FRANKFORT,KY 40601 |
| 10/24/2023 06:10 | OUT FOR DELIVERY | FRANKFORT,KY 40601 |
| 10/24/2023 08:20 | DELIVERED INDIVIDUAL PICKED UP AT USPS | FRANKFORT,KY 40601 |

AOS : 000002 of 000002

Filed                    23-CI-00217    11/03/2023              Leslie Phillips, Clay Circuit Clerk

NOT ORIGINAL
DOCUMENT
11/06/2023 04:57:05
PM
88910

COMMONWEALTH OF KENTUCKY
CLAY CIRCUIT COURT
CIVIL ACTION NO. 23-CI-00217

***FILED ELECTRONICALLY***

VONTELLA HENSLEY                                            PLAINTIFF

VS

ALLSTATE PROPERTY AND CASUALTY                             DEFENDANT
INSURANCE COMPANY

---

## ANSWER

Comes the Defendant, Allstate Property and Casualty Insurance Company ("Allstate"), by

counsel, and for its Answer to the Complaint of the Plaintiff, Vontella Hensley, states as follows:

### FIRST DEFENSE

This Defendant states that the Plaintiff's Complaint fails to state a claim against Allstate

upon which any relief can be granted.

### SECOND DEFENSE

Alternatively, this Defendant states that the negligence, fault, or tortious conduct of the

Plaintiff, Vontella Hensley, or any other person or persons may have caused or contributed to cause

all or a percentage of the damages claimed, thereby barring recovery in whole or in part from this

answering Defendant.

### THIRD DEFENSE

This Defendant states that the Plaintiff's claims are barred in whole or in part by the

absence of any breach of any duty owed by this answering Defendant.

Filed                    23-CI-00217    11/03/2023              Leslie Phillips, Clay Circuit Clerk

Filed                23-CI-00217    11/03/2023        Leslie Phillips, Clay Circuit Clerk

DOCUMENT

PM

NOT ORIGINAL

11/06/2023 04:57:05

88910

## FOURTH DEFENSE

This Defendant states that the Plaintiff's claims for damages are barred in whole or in part by the limitations imposed by law as to recovery of such damages including, but not limited to, the Statute of Limitations and the contractual limitations contained in the policy of insurance issued by Allstate.

## FIFTH DEFENSE

This Defendant states that the Plaintiff may have failed to join necessary and indispensable parties and reserves the right to take proof as to this potential defense, including, but not limited to, other drivers involved in this incident.

## SIXTH DEFENSE

This Defendant relies upon the provisions of the Kentucky Motor Vehicle Reparations Act as to all items covered by this Act.

## SEVENTH DEFENSE

It if appears that the Plaintiff was not wearing her seat belt and/or safety belt at the time of the accident, this Defendant relies upon same as a defense both as to liability and as to mitigation of damages.

## EIGHTH DEFENSE

This Defendant reserves the right to ask the Court to submit to the jury an apportionment instruction as to the negligence of all parties including those which may be named at a later time.

## NINTH DEFENSE

As an affirmative defense, it is stated that at this time, there has been no determination as to the degree of injuries involved and this Defendant requests an opportunity to assess the Plaintiff's claim.

2

ANS : 000002 of 000010

Filed                23-CI-00217   11/03/2023        Leslie Phillips, Clay Circuit Clerk

NOT ORIGINAL

DOCUMENT

11/06/2023 04:57:05

PM

88910

## TENTH DEFENSE

Alternatively, the Plaintiff has failed to prove or establish that the alleged tortfeasor is underinsured.

## ELEVENTH DEFENSE

This Defendant is entitled to a set-off for any judgment that the Plaintiff might obtain representing the amount of any and all personal injury protection benefits provided or allowable to the Plaintiff as well as a set-off for any automobile liability insurance held by the alleged tortfeasor or available liability coverage from any other yet to be determined party.

## TWELFTH DEFENSE

As an alternative defense, and in the event discovery reveals such defense to be applicable, this Defendant pleads that the Plaintiff may have failed to mitigate her damages.

## THIRTEENTH DEFENSE

This Defendant specifically pleads as a defense to the claims asserted herein and relies upon all the terms, conditions, provisions and exclusions of the policy issued to the policyholder as referenced herein.

## FOURTEENTH DEFENSE

Pending discovery, Allstate reserves the right to argue that the injuries for which the Plaintiff seeks damages may not have been related to the underlying accident.

## FIFTEENTH DEFENSE

Pending discovery, Allstate reserves the right to argue that some of the treatment for which the Plaintiff seeks damages may not have been reasonably and medically necessary.

ANS : 000003 of 000010

Filed                23-CI-00217   11/03/2023          Leslie Phillips, Clay Circuit Clerk

NOT ORIGINAL
DOCUMENT
11/06/2023 04:57:05
PM
88910

## SIXTEENTH DEFENSE

Alternatively, the accident upon which the Plaintiff bases her claims may have been caused by a superseding and intervening cause and/or negligence of a Third-Party and/or sudden emergency, and this Defendant reserves the right to take proof as to these potential affirmative defenses.

## SEVENTEENTH DEFENSE

To the extent there exists any person or entity who has paid any sum of money to or for the benefit of the Plaintiff and holds subrogation rights to any award claimed or received by the Plaintiff as a result of the damages complained of in the Complaint, such persons or entities are real parties in interest as defined in CR 16.01, and are indispensable parties to the adjudication of this matter under CR 19.01, and such parties not having been named, the Plaintiff should be precluded from recovering such benefits and the Complaint should be dismissed, therefore, to that extent.

## EIGHTEENTH DEFENSE

This Defendant has not availed itself of its right to discovery, and does not fully know the circumstances beyond the allegations in the Plaintiff's pleadings.  Therefore, this Defendant notifies the Plaintiff and her counsel that until it can avail itself of the right to conduct discovery, it cannot be determined whether this Defendant will assert the above-stated defenses or other defenses at trial or whether these will be the only such defenses asserted.  Such defenses are asserted in this Answer in order to preserve Allstate's right to assert such defenses at trial and to provide Plaintiff and her counsel with notice of this Defendant's intent to assert such defenses and avoid a waiver of such defenses.

ANS : 000004 of 000010

4

Filed

DOCUMENT

PM

23-CI-00217    11/03/2023    Leslie Phillips, Clay Circuit Clerk

NOT ORIGINAL

11/06/2023 04:57:05

88910

### NINETEENTH DEFENSE

Plaintiff's claims for common law and statutory bad faith are barred given that liability for causing the damages sought by Plaintiff, and the amount of those damages is not beyond dispute and/or fairly debatable.

### TWENTIETH DEFENSE

Allstate had a reasonable basis and/or justification in fact and law for its claim handling decisions, and its conduct is neither reckless nor outrageous and/or is implicit to justify the imposition of punitive damages.

### TWENTY-FIRST DEFENSE

Allstate reserves the right to file an Amended Answer, Cross-Claim, Counterclaim, or Third-Party Complaint as proof may develop and reveal the right to do so.

### TWENTY-SECOND DEFENSE

With reference to the allegations contained in the Plaintiff's Complaint, the Defendant, Allstate states as follows:

1.      Upon information and belief, the allegations contained in Paragraph 1 of the Complaint are admitted.

2.      Upon information and belief, the allegations contained in Paragraph 2 of the Complaint are admitted.

3.      The allegations contained in Paragraph 3 of the Complaint are admitted.

4.      This Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 6 of the Complaint, and therefore same are denied.

5.      This Defendant lacks sufficient information as to the allegations contained in Paragraph 7 of the Complaint and therefore, same are denied.

ANS : 000005 of 000010

Filed                23-CI-00217    11/03/2023              Leslie Phillips, Clay Circuit Clerk

Filed                23-CI-00217   11/03/2023                Leslie Phillips, Clay Circuit Clerk

NOT ORIGINAL

DOCUMENT

11/06/2023 04:57:05

PM

88910

6.      This Defendant lacks sufficient information as to the allegations contained in Paragraph 8 of the Complaint and therefore, same are denied.

7.      This Defendant lacks sufficient information as to the allegations contained in Paragraph 9 of the Complaint and therefore, same are denied.

8.      With reference to the allegations contained in Paragraph 10 of Count I of the Complaint, this Defendant adopts and reiterates each and every statement, defense, and affirmative defense set forth above as if copied verbatim.

9.      With reference to the allegations contained in Paragraph 11 of Count I of the Complaint, it is admitted that at the time referred to in the Complaint, Allstate had in effect a policy of insurance issued to Daniel and Jackie Asher which did provide for underinsured motorist coverage.  All other allegations are denied.

10.     The allegations contained in Paragraph 12 of Count I of the Complaint are denied.

11.     With reference to the allegations contained in Paragraph 13 of Count I of the Complaint, upon information and belief, the Plaintiff, Vontella Hensley, was the daughter of the named insureds and was a permissive driver of the 2015 Nissan Versa at the time of the accident. The remaining allegations of Paragraph 13 of Count I of the Complaint are denied at this time.

12.     This Defendant lacks sufficient information as to the truth of the allegations contained in Paragraph 14 of Count I of the Complaint and therefore, same are denied.

13.     With reference to the allegations contained in Paragraph 15 of Count II of the Complaint, this Defendant adopts and reiterates each and every statement, defense, and affirmative defense set forth above as if copied verbatim.

14.     This Defendant lacks sufficient information as to the truth of the allegations contained in Paragraph 16 of Count II of the Complaint and therefore, same are denied.

6

ANS : 000006 of 000010

NOT ORIGINAL
DOCUMENT
11/06/2023 04:57:05
PM
88910

15.     The allegations contained in Paragraph 17 of Count II of the Complaint are denied.

16.     This Defendant lacks sufficient information as to the truth of the allegations contained in Paragraph 18 of Count II of the Complaint and therefore, same are denied.

17.     With reference to the allegations contained in Paragraph 23 of Count III of the Complaint, this Defendant adopts and reiterates each and every statement, defense, and affirmative defense set forth above as if copied verbatim.

18.     In response to the allegations contained in Paragraph 24 of Count III of the Complaint, this Defendant state that its legal obligations to Plaintiff are set forth in the policy of insurance referred to above and/or Kentucky statutes, regulations and case law.  Those provisions speak for themselves, and Allstate complied with them in handling Plaintiff's claims.  All other allegations are denied.

19.     The allegations contained in Paragraph 25 of Count III of the Complaint are denied.

20.     The allegations contained in Paragraph 26 of Count III of the Complaint are denied.

21.     The allegations contained in Paragraph 27 of Count III of the Complaint are denied.

22.     With reference to the allegations contained in Paragraph 28 of Count V of the Complaint, this Defendant adopts and reiterates each and every statement, defense, and affirmative defense set forth above as if copied verbatim.

23.     This Defendant denies the allegations contained in Paragraph 29 of Count V of the Complaint.

24.     This Defendant denies the allegations contained in Paragraph 30 of Count V of the Complaint.

25.     This Defendant denies the allegations contained in Paragraph 31 of Count V of the Complaint.

7

ANS : 000007 of 000010

Filed                          23-CI-00217   11/03/2023              Leslie Phillips, Clay Circuit Clerk

DOCUMENT

PM

NOT ORIGINAL

11/06/2023 04:57:05

88910

26.     With reference to the allegations contained in Paragraph 32 of Count VI of the Complaint, this Defendant adopts and reiterates each and every statement, defense, and affirmative defense set forth above as if copied verbatim.

27.     This Defendant denies the allegations contained in Paragraph 33 of Count VI of the Complaint.

28.     This Defendant denies the allegations contained in Paragraph 34 of Count VI of the Complaint.

29.     This Defendant denies the allegations contained in Paragraph 35 of Count VI of the Complaint.

30.     With reference to the allegations contained in Paragraph 36 of Count VII of the Complaint, this Defendant adopts and reiterates each and every statement, defense, and affirmative defense set forth above as if copied verbatim.

31.     The allegations contained in Paragraph 37 of Count VII of the Complaint are denied.

32.     The allegations contained in Paragraph 38 of Count VII of the Complaint are denied.

33.     The allegations contained in Paragraph 39 of Count VII of the Complaint are denied.

34.     Each and every allegation of the Complaint except and to the extent specifically admitted above are denied.

WHEREFORE, having fully answered the Complaint of the Plaintiff, Vontella Hensley, the Defendant, Allstate Property & Casualty Insurance Company, prays that the Complaint be

8

ANS : 000008 of 000010

Filed 23-CI-00217 11/03/2023 Leslie Phillips, Clay Circuit Clerk

NOT ORIGINAL DOCUMENT

PM 11/06/2023 04:57:05

88910

dismissed, and the Plaintiff take nothing thereby, demands judgment for its costs herein expended, demands a trial by jury and any and all relief to which it may appear entitled.

Respectfully submitted,

HAMM, MILBY & RIDINGS, PLLC
120 NORTH MAIN STREET
LONDON, KY 40741
PHONE: 606-864-4126
FAX: 606-878-8144
marcia@hmrkylaw.com
COUNSEL FOR DEFENDANT,
ALLSTATE PROPERTY AND
CASUALTY INSURANCE COMPANY
ON COUNT II OF THE COMPLAINT

BY:  /s/ Marcia Milby Ridings
     MARCIA MILBY RIDINGS


AND

DINSMORE & SHOHL, LLP
MINDY G. BARFIELD, ESQ.
CITY CENTER
100 W MAIN STREET, STE. 900
LEXINGTON, KY 40501
Mindy.barfield@dinsmore.com
COUNSEL FOR DEFENDANT,
ALLSTATE PROPERTY AND
CASUALTY INSURANCE COMPANY
ON COUNTS III, V, VI, AND VII OF THE
COMPLAINT

BY:   /s/ Mindy G. Barfield
      MINDY G. BARFIELD

ANS : 000009 of 000010

9

Filed          23-CI-00217   11/03/2023          Leslie Phillips, Clay Circuit Clerk

NOT ORIGINAL
DOCUMENT
11/06/2023 04:57:05
PM
88910

## CERTIFICATE OF SERVICE

This will certify that a true and correct copy of the foregoing has been electronically filed with the KY e-Filing system, and that same has been sent by electronic mail via the Court's electronic filing system to the following parties registered to receive electronic filings:

| | |
|---|---|
| Yancey White, Esq.<br>Morgan & White<br>2281 S Highway 421<br>Manchester, KY  40962<br>morganwhite7@gmail.com<br>*Counsel for Plaintiff Vontella Hensley* | |

all on this 3rd day of November, 2023.

　　　　　　　　　　　　　　　   /s/ Marcia Milby Ridings
　　　　　　　　　　　　　　　COUNSEL FOR ABOVE-NAMED
　　　　　　　　　　　　　　　DEFENDANT

ANS : 000010 of 000010

Filed          23-CI-00217   11/03/2023          Leslie Phillips, Clay Circuit Clerk

Filed

DOCUMENT

PM

NOT ORIGINAL

11/06/2023 04:57:45

88910

COMMONWEALTH OF KENTUCKY
CLAY CIRCUIT COURT
CIVIL ACTION NO. 23-CI-00217

***FILED ELECTRONICALLY***

VONTELLA HENSLEY                                        PLAINTIFF

VS

ALLSTATE PROPERTY AND CASUALTY                    DEFENDANT
INSURANCE COMPANY

---

**RESPONSES TO REQUEST FOR ADMISSIONS**

---

      Comes the Defendant, Allstate Property and Casualty Insurance Company ("Allstate"), by counsel, and for its Responses to Request for Admissions propounded by Plaintiff, Vontella Hensley, states as follows:

      <u>REQUEST NO. 1:</u>   Please admit or deny that auto policy (policy number 835352056) did in fact have UIM coverage on the date of the accident which occurred on March 2, 2023.

      **<u>RESPONSE:</u>   Admit**

      <u>REQUEST NO. 2:</u>   Please admit or deny that the Defendant, Allstate, failed to properly evaluate the under-insured claim submitted on behalf of the Plaintiff, Vontella Hensley.

      **<u>RESPONSE:</u>   Deny**

      <u>REQUEST NO. 3:</u>   Please admit or deny that a Coots letter along with supporting documentation was provided to the Defendant on or about August 9, 2023, and that the Defendant declined to make any additional offer by letter dated August 23, 2023.

      **<u>RESPONSE:</u>   Admit**

RES : 000001 of 000003

Filed                    23-CI-00217      11/03/2023          Leslie Phillips, Clay Circuit Clerk

NOT ORIGINAL
DOCUMENT

11/06/2023 04:57:45

PM

88910

<u>REQUEST NO. 4:</u>   Please admit or deny that the Defendant violated its own policies and procedures when it failed to properly evaluate the Plaintiff's underinsured motorist claim in regard to the accident in question.

**<u>RESPONSE:</u>   Deny**

<u>REQUEST NO. 5:</u>   Please admit or deny that Vontella Hensley suffered permanent physical injuries as a result of the automobile accident that occurred on March 2, 2023.

**<u>RESPONSE:</u>   The Defendant admits that the Plaintiff, Vontella Hensley, suffered physical injuries, but lacks sufficient information as to whether or not said injuries are permanent and therefore denies Request No. 5.**

<u>REQUEST NO. 6:</u>   Please admit or deny that Vontella Hensley qualifies as an insured person for purposes of the underinsured coverage provided by policy number 835352056.

**<u>RESPONSE:</u>   Admit**

Respectfully submitted,

HAMM, MILBY & RIDINGS, PLLC
120 NORTH MAIN STREET
LONDON, KY 40741
PHONE: 606-864-4126
FAX: 606-878-8144
marcia@hmrkylaw.com
COUNSEL FOR DEFENDANT
ALLSTATE PROPERTY AND
CASUALTY INSURANCE COMPANY
ON COUNT II OF THE COMPLAINT


BY:___/s/ Marcia Milby Ridings_____
       MARCIA MILBY RIDINGS

AND

DINSMORE & SHOHL, LLP
MINDY G. BARFIELD, ESQ.
CITY CENTER

RES : 000002 of 000003

NOT ORIGINAL
DOCUMENT
11/06/2023 04:57:45
PM

100 W MAIN STREET, STE. 900
LEXINGTON, KY  40501
Mindy.barfield@dinsmore.com
COUNSEL FOR DEFENDANT,
ALLSTATE PROPERTY AND
CASUALTY INSURANCE COMPANY
ON COUNTS III, V, VI, AND VII OF THE
COMPLAINT

BY:   /s/ Mindy G. Barfield
          MINDY G. BARFIELD

CERTIFICATE OF SERVICE:

This will certify that a true and correct copy of the foregoing has been electronically filed with the KY e-Filing system, and that same has been sent by electronic mail via the Court's electronic filing system to the following parties registered to receive electronic filings:

| | |
|---|---|
| Yancey White, Esq.<br>Morgan & White<br>2281 S Highway 421<br>Manchester, KY  40962<br>morganwhite7@gmail.com<br>*Counsel for Plaintiff Vontella Hensley* | |

all on this 3rd day of November, 2023.

  /s/ Marcia Milby Ridings
COUNSEL FOR ABOVE-NAMED
DEFENDANT