UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| VONTELLA HENSLEY, | ) ) ) | |
| Plaintiff, | ) ) | Civil No. 6:23-cv-00200-GFVT |
| v. | ) ) ) | |
| ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, | ) ) ) ) | **ORDER** |
| Defendant. | ) ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, the Court, having considered the Report of Parties' Rule 26(f) Planning Conference [R. 5], hereby **ORDERS** as follows:

## **DISCOVERY**

1. The parties agree that Ms. Hensley's Under-Insured Motorist claim shall be bifurcated from her extra-contractual and bad faith claims. Discovery relating to Ms. Hensley's extra-contractual and bad faith claims **shall be stayed** pending a resolution of the Under-Insured Motorist claim.

2. Pursuant to Federal Rule of Civil Procedure Rule 5(d), the parties shall observe the following directives regarding the filing of discovery materials in this case unless the Court otherwise specifically so orders:

   (a) Rule 26(a)(1) Initial Disclosures, Interrogatories and Answers or other responses thereto, Requests for Production of Documents and Answers or other responses thereto, Requests for Admission and Answers thereto, and any documents or tangible things produced pursuant to such discovery

requests, as well as any discovery depositions not subject to part (b) below, **shall not be filed.**

    (b)    The Plaintiff shall disclose its expert witnesses, any report required by Rule 26(a)(2), on or before **April 1, 2024**.

    (c)    The Defendant shall disclose its expert witnesses, any report required by Rule 26(a)(2), on or before **June 1, 2024**.

    (d)    Depositions of experts, if necessary, shall be completed by **August 1, 2024.**

    (e)    Fact discovery shall be completed by **April 1, 2024**.

3.    Discovery disputes shall be resolved in the following manner:

    (a)    The parties shall first meet and/or confer in an attempt to resolve disputes between themselves, without judicial intervention.

    (b)    If the parties are unable to resolve such disputes informally, they shall attempt to resolve their disagreement by telephone conference with the Magistrate Judge pursuant to the referral set forth below.

    (c)    If, and only if, the parties are unable to resolve their disputes after conference with the Magistrate Judge, they may file appropriate written motions with the Court.  Any written motion regarding discovery shall include a certification detailing counsel's attempts to resolve the dispute as required by Rule 37(a)(1) and Local Rule 37.1.

    (d)    Interrogatories and Requests for Production shall be governed by the Federal Rules of Civil Procedure.  The number of Depositions permitted shall be governed by the Federal Rules of Civil Procedure.  The length of

any given depositions shall be no longer than that permitted by the Federal Rules of Civil Procedure.

## DISPOSITIVE MOTIONS

1. Both parties shall have up to and including **July 1, 2024,** to amend pleadings and join additional parties.

2. The parties shall have to and including **August 15, 2024**, by which to file dispositive motions, motions *in limine*, and/or *Daubert* motions.

## PRETRIAL

1. The Final Pretrial Conference is hereby scheduled for **Monday, January 13, 2025,** at the hour of **1:30 p.m.** in the Courtroom of the United States Courthouse in **Frankfort, Kentucky**. Said Final Pretrial Conference shall be attended by the attorneys who will be trying the case, as well as the parties themselves, or a corporate/carrier representative with full settlement authority.

2. **No later than August 15, 2024**, counsel shall file with the Clerk an original, shall submit a copy to the Court's chambers, and shall provide a copy to opposing counsel of the following, **each to be filed as a separate document**:

    (a) Pursuant to Rule 26(a)(3)(A)(i), a witness list with a brief summary of the expected testimony of each witness. Pursuant to Rule 26(a)(3)(A)(ii), **the witness list shall be filed separately** and include the designation of those witnesses whose testimony is expected to be presented by deposition with references to the pages and the questions to be presented; and, if the deposition was not taken stenographically, a transcript of the pertinent portions of the deposition testimony shall be attached to the witness list.

3

    (b)    Pursuant to Rule 26(a)(3)(A)(iii), a list of exhibits intended to be used at trial.  **The exhibit list shall be filed separately** and contain a description of each exhibit in sufficient detail to permit adequate identification thereof, and shall include a list of any demonstrative and/or summary exhibits to be used at trial (including any to be used during opening statements).

    (c)    Page and line designations of witnesses who will testify by deposition.

3. **No later than forty-five (45) days** prior to the Trial, counsel shall file:

    (a)    Written objections, pursuant to Fed. R. Civ. P. 26(a)(3)(B), to the list of witnesses and exhibits previously filed by any other party.  **Counsel shall attach a copy of the challenged exhibit(s) to any objections filed with the Court**.  Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, shall be deemed waived unless excused by the court for good cause shown.

    (b)    Objections and counter-designations to deposition testimony.

    (c)    Responses thereto shall be filed no later than **thirty (30) days** prior to trial.  Replies shall be filed no later than **fifteen (15) days** prior to trial.

4. **No later than thirty (30) days** prior to trial, counsel shall file any other motions *in limine*, with Responses thereto due **fifteen (15) days** prior to trial.

5. **No later than thirty (30) days** prior to trial, **a copy of the Agreed Proposed Jury Instructions shall also be filed separately**, with supporting authorities.  If the parties cannot agree on certain instructions, counsel shall file with the Clerk, shall submit a copy to the Court, and shall provide a copy to opposing counsel of

their separately proposed instructions with supporting authorities.  **Failure to submit jury instructions within the time provided may result in cancellation of the Final Pretrial Conference and Trial dates.**

6. **No later than seven (7) days** prior to the Final Pretrial Conference, counsel shall file with the Clerk an original, shall submit a copy to the Court's chambers, and shall provide a copy to opposing counsel of the following, **each to be filed as a separate document**:

    (a) A pretrial memorandum containing the following:

        i. Succinct statement of the facts of the case;

        ii. The questions of fact;

        iii. The questions of law;

        iv. Expected evidentiary objections;

        v. A listing of all pending motions;

        vi. The status of settlement negotiations and the likelihood of settlement; and

        vii. The feasibility of alternative dispute resolution.  Comments regarding the feasibility of alternative dispute resolution shall include the views of the parties on the method of resolution (i.e., mediation, arbitration, settlement conference, summary jury trial, etc.).

    (b) An Agreed Statement of the Case suitable for reading to the prospective jurors on voir dire.

    (c) **Proposed voir dire** questions for consideration by the Court.  It is the practice of the undersigned to conduct the entire voir dire, incorporating

both general as well as case-specific inquiries.  In conducting voir dire, the Court utilizes both its own questions and many of those proposed questions submitted by counsel.  In addition to its own voir dire, the Court will allow counsel for both parties a brief opportunity for follow up questions, and the length of time permitted for follow up by counsel will be determined at the Final Pretrial Conference.

(d) Any motions for ruling by the Court upon any objection made in any evidentiary deposition to be used at trial on which ruling by the Court is necessary prior to trial.  Any objection within any deposition which is not so raised specifically (by citation to page number and question number) for ruling by the Court shall be deemed to be summarily overruled

7. **At the Final Pretrial Conference**, counsel for the parties shall be prepared to:

(a) Display to the Court all exhibits intended to be used at trial, which shall already be pre-marked in accordance with Local Rule 83.10 and numbered in the order in which they will be offered at trial and provide a court copy of all documentary exhibits.

(b) Advise the Court that they have displayed to opposing counsel all exhibits which may be used at trial, including any demonstrative or summary exhibits.

(c) Discuss and make possible stipulations of admissibility, or threshold foundation requirements for admissibility of exhibits, including authenticity; discuss and make stipulations of fact or law which would expedite the trial of this action.

  (d) Demonstrate an ability to use the court's visual presentation system for any exhibit which will be discussed by a witness or utilized during opening or closing statements.  The system can display documents, x-rays, photographs, negatives and videos.  The presentation system is designed to display the exhibit simultaneously to the parties, the jury, the witnesses, and the Court.  First time users of the system should contact the Court's Judicial Assistant to make arrangements to view the system onsite.  Although there is a witness monitor, some witnesses have difficulty reading from same, so an extra copy to hand to the witness should be readily available.  A description of the system can be found at *www.kyed.uscourts.gov/court-tech.htm*.

  (e) Discuss the possibility of settlement.

8. **Court Copies**.  In addition to the official copies filed with the Clerk of the Court, the following documents shall be submitted to the undersigned's Chambers electronically:

  (a) Witness list(s);

  (b) Exhibit list(s);

  (c) Proposed jury instructions;

  (d) Proposed voir dire questions; and

  (e) Statement(s) of the case.

These documents shall be transmitted in **Word Document format** as an email attachment to *GFVT_chambers@kyed.uscourts.gov*.

## TRIAL

This action is hereby set for Jury Trial on **Monday, January 27, 2025,** at the hour of **10:00 a.m.** in the Courtroom of the United States Courthouse in **Frankfort**, **Kentucky**, with counsel to arrive by 9:30 a.m.  Trial is expected to last two (2) days.

## EXTENSIONS OF TIME

Requests to modify any dates or deadlines established by this order shall be submitted upon motion filed prior to expiration of the deadline in question, and upon showing of good cause beyond the control of counsel in the exercise of due diligence.  See L.R. 7.1(b).

## REFERRAL TO MAGISTRATE JUDGE

**IT IS FURTHER ORDERED** that pursuant to 28 U.S.C. § 636(b)(1)(A) this matter is referred to a Magistrate Judge for the purpose of:

1. Supervising discovery and pretrial proceedings.

2. Conducting all pretrial and status conferences, establishing and extending discovery deadlines, and all other deadlines, holding such hearings as may be required, and ruling on non-dispositive motions, except motions *in limine*.  See *Brown v. Wesley's Quaker Maid, Inc.*, 771 F.2d 952 (6th Cir. 1985).  Dispositive motions will be referred by the Clerk of this Court to the appropriate United States District Judge.

This the 4th day of January 2024.



Gregory F. Van Tatenhove
United States District Judge